**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**SOUTHERN DIVISION**
**at LONDON**

**Civil Action No. 07-45-HRW**

**PEGGY LOVE**,                                                                 **PLAINTIFF,**

**v.**                          **MEMORANDUM OPINION AND ORDER**

**MICHAEL J. ASTRUE**
**COMMISSIONER OF SOCIAL SECURITY,**                          **DEFENDANT.**

Plaintiff has brought this action pursuant to 42 U.S.C. §405(g) to challenge a final decision of the Defendant denying Plaintiff's application for supplemental security income benefits.

The Court having reviewed the record in this case and the dispositive motions filed by the parties, and being otherwise sufficiently advised, for the reasons set forth herein, finds that the decision of the Administrative Law Judge is supported by substantial evidence and should be affirmed.

## II.  FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Plaintiff filed her current application for supplemental security income benefits April 2003, alleging disability beginning on March 7, 2003, due to high blood pressure, diabetes and mental depression (Tr. 78-80, 92, 94).  This application  was denied initially and on reconsideration (Tr. 37-43, 46-48).

On September 20, 2004, an administrative hearing was conducted by Administrative Law Judge John Barker (hereinafter "ALJ"), wherein Plaintiff testified. At the hearing, Katharine Bradford, a vocational expert (hereinafter "VE"), also appeared but did not testify.

At the hearing, pursuant to 20 C.F.R. § 416.920, the ALJ performed the following five-step sequential analysis in order to determine whether the Plaintiff was disabled:

> Step 1:  If the claimant is performing substantial gainful work, he is not disabled.

> Step 2:  If the claimant is not performing substantial gainful work, his impairment(s) must be severe before he can be found to be disabled based upon the requirements in 20 C.F.R. § 416.920(b).

> Step 3:  If the claimant is not performing substantial gainful work and has a severe  impairment (or impairments) that has lasted or is expected to last for a continuous period of at least twelve months, and his impairments (or impairments) meets or medically equals a listed impairment contained in Appendix 1, Subpart P, Regulation No. 4, the claimant is disabled without further inquiry.

> Step 4: If the claimant's impairment (or impairments) does not prevent him from doing his past relevant work, he is not disabled.

> Step 5: Even if the claimant's impairment or impairments prevent him from performing his past relevant work, if other work exists in significant numbers in the national economy that accommodates his residual functional capacity and vocational factors, he is not disabled.

On May 16, 2005, the ALJ issued his decision finding that Plaintiff was not

2

disabled (Tr. 17-26).

Plaintiff was 47 years old at the time of the hearing decision.  She has the equivalent of a high school education and no vocationally relevant past work experience.

At Step 1 of the sequential analysis, the ALJ found that Plaintiff had not engaged in substantial gainful activity since the alleged onset date of disability (Tr. 25).

The ALJ then determined, at Step 2, that Plaintiff suffered from diabetes, hypertension, depressive disorder not otherwise specified, dependent personality disorder and borderline intellectual functioning, which he found to be "severe" within the meaning of the Regulations (Tr. 20).

At Step 3, the ALJ found that Plaintiff's impairments did not meet or medically equal any of the listed impairments (Tr. 20-21).

The ALJ further found that Plaintiff has the residual functional capacity ("RFC") to perform a range of work at all exertional levels, with certain non-exertional limitations.

The ALJ finally concluded that these jobs exist in significant numbers in the national and regional economies, as identified by the VE in response to interrogatories (Tr. 23-25).

3

Accordingly, the ALJ found Plaintiff not to be disabled at Step 5 of the sequential evaluation process.

The Appeals Council denied Plaintiff's request for review and adopted the ALJ's decision as the final decision of the Commissioner on December 5, 2006 (Tr. 5-8).

Plaintiff thereafter filed this civil action seeking a reversal of the Commissioner's decision. Both parties have filed Motions for Summary Judgment [Docket Nos. 9, 10 and 11] and this matter is ripe for decision.

### III.  ANALYSIS

The essential issue on appeal to this Court is whether the ALJ's decision is supported by substantial evidence.  "Substantial evidence" is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion;" it is based on the record as a whole and must take into account whatever in the record fairly detracts from its weight.  *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984).   If the Commissioner's decision is supported by substantial evidence, the reviewing Court must affirm.  *Kirk v. Secretary of Health and Human Services*, 667 F.2d 524, 535 (6th Cir. 1981), *cert. denied*, 461 U.S. 957 (1983).  "The court may not try the case *de novo* nor resolve conflicts in evidence, nor decide questions of credibility."  *Bradley v. Secretary of Health and Human*

4

*Services*, 862 F.2d 1224, 1228 (6th Cir. 1988).  Finally, this Court must defer to the Commissioner's decision "even if there is substantial evidence in the record that would have supported an opposite conclusion, so long as substantial evidence supports the conclusion reached by the ALJ." *Key v. Callahan,* 109 F.3d 270, 273 (6th Cir.1997).

Plaintiff's arguments on appeal concern the ALJ's findings regarding her mental capacity.

First, Plaintiff claims that the ALJ improperly rejected opinions from Dr. John Schremly, Dr. Crystal Sahner and Dr. Kenneth Starkey.  However, a review of the record and the ALJ's decision reveals that the ALJ fully accounted for Dr. Starkey's opinion that Plaintiff has a marginal ability to relate to others in a collaborative fashion and to tolerate work-related stress.   In formulating the RFC, the ALJ limited Plaintiff's contact with coworkers and the public to "infrequent" and "only casual" and specified that changes in the workforce be introduced "gradually."

As for the GAF scores contemplated by the three practitioners, the ALJ did not err in electing to omit them from the RFC or the questions to the VE.  It is well established that while GAF scores may represent a "snapshot" view of one's mental status on the day of the evaluation, they are not definitive as to one's

overall functioning over a period of time.  *See generally, DeBoard v.*
*Commissioner of Social Security*, 2006 WL 3690637 (6th Cir. December 15, 2006).
In other words, GAF scores are not definitively indicative, much less dispositive,
of disability.  *Id.*

Plaintiff further alleges that the ALJ erred by failing to heed Dr. Starkey's
opinion that her employment is "contingent on improvement of prevailing
symptoms" and that her prognosis for employment is "guarded to poor" (Plaintiff's
brief at pg. 11).  Upon review of the record, however, it appears that Plaintiff
misstates Dr. Starker's opinion.  Dr. Starkey stated that Plaintiff's prognosis for
sustaining employment was "guarded to poor *without treatment*" (Tr.
254)(emphasis added).   Dr. Starkey recommended that Plaintiff continue
psychiatric care and suggested more frequent therapy (Tr. 253).  He clearly noted
that with a more consistent treatment regimen treatment, Plaintiff could improve
(Tr. 254).    Thus, it the "poor" prognosis relied upon by Plaintiff is speculative,
and contingent upon Plaintiff's noncompliance with a physician's
recommendation.  Moreover, a prognosis is not tantamount to a limitation.  *See*
Social Security Ruling 96-8p, 1996 WL 374184 (providing that the RFC is not the
*least* an individual can do despite his or her limitations or restrictions, but the
*most*).  Thus, the ALJ did not err in this regard.

6

Finally, Plaintiff argues that the ALJ erred by not adopting a finding that she has a general learning ability of five.   Plaintiff contends that without this diagnosis, the questions posed to the VE by the ALJ were incomplete.

As Defendant points out, the ALJ is not required to include a diagnosis in a hypothetical posed to a VE.  *Webb v. Commissioner of Social Security*, 368 F.3d 629, 633 (6th Cir. 2004).

Further, the ALJ's hypothetical questions to the VE include limitations stemming from Plaintiff's borderline intellectual functioning (Tr. 23, 25).  This is sufficient.   Plaintiff's reliance on an opinion from the United States District Court of Kansas is misplaced in that in the case at bar, the ALJ specifically found Plaintiff's borderline functioning to be a severe impairment and explicitly included limitations resulting therefrom in the hypothetical question to the VE.

The Court notes that the record shows that the ALJ proffered the VE's responses to interrogatories to Plaintiff.  However, Plaintiff did not submit objections based upon responses.

Having reviewed the record, the Court finds no error in the ALJ's consideration of Plaintiff's's mental capacity.

### III.  CONCLUSION

The Court finds that the ALJ's decision is supported by substantial evidence on the record.   Accordingly, it is **HEREBY ORDERED** that the Plaintiff's Motion for Summary Judgment be **OVERRULED** and the Defendant's Motion for Summary Judgment be **SUSTAINED**.  A judgment in favor of the Defendant will be entered contemporaneously herewith.

This November 6, 2007.

Signed By:

*Henry R Wilhoit Jr.*

**United States District Judge**

8